Good morning, your honors. Ina Lipkin on behalf of the petitioner. The court had specifically asked the parties to address the case of Barajas Rojas and what is the standard to be applied for withholding a removal-only case, which is the case before the court. The government had submitted to the court a short explanation about Barajas, which petitioner has some issue with. We argue that Barajas does not require the one central reason standard, which both the IJ and the board had applied in this case. Rather, it puts forth the, quote, A reason, unquote. The issue I have with the respondent's argument is that Barajas Rojas and the A reason standard only applies to mixed motive cases, and I would contend that it does not. But in any case, the petitioner argues that she would meet that standard in any case. She argues that she is not only a member of a social group which encompasses both her husband, who was initially targeted by criminals, as well as her mother, who was likewise targeted and that she feared she, too, would be next to be targeted. Additionally, as we argued in the brief, the petitioner's husband is more akin to the petitioner that this court found in Cordoba v. Holder of someone with some financial means or power, like the landholders in Cordoba, so that when the criminals targeted him to use his magic and open the vault, let's say, at the hotel he worked at, that's the same as if he owned the land and they wanted to take it away from him in Cordoba, sort of imputed political opinion theory. And I'm having difficulty with the connection that this is part of family. It seemed to me it didn't make any difference about the family. They wanted the money. They wanted him to tell them how to get in the bank and get the money. I'm not sure it's a cause under the Act, so maybe you could focus on that. Well, what's interesting to address that point is that the petitioner testified her husband departed Peru a year prior to her departure. And yet in that year, the criminal organization bothered to threaten her family and harm her mother. One would think that the hotel would have hired another employee to replace the petitioner's husband. Why wouldn't the cartel then focus its efforts to rob the hotel from this new employee? So their continued interest in the family sort of goes above just the criminal. But they don't have any interest in the family if he can no longer get into the money. There must be some other reason. Correct. If there's some other reason, how does that come under the Act? We don't. You have to have a reason that comes within the Act for the prosecution to occur that we can take care of under this. I understand. So I would argue that the criminal cartel continued to hold an interest in this family and the petitioner because it was maybe trying to inflict retribution on the family for failing to comport with its demands to help them rob the bank. And the family failure to help is in itself an expression of political opinion against illegal activity, against the fact that the family doesn't believe the police or government authorities could protect it against such criminal activities. The criminals know that the family really doesn't have recourse from the police and continues to try to exact revenge on them. Was that issue raised before the Board? Unfortunately not. I didn't represent the petitioner before the Board. We're only reviewing what the Board did. And there seemed to be nothing in the Board opinion that that was ever even raised by the petitioner. I understand. But now that Barajas was decided in 2017, we can revisit the Board's erroneous standard applied and see that. . . Well, I can't say it wasn't exactly raised. The prior counsel had specifically argued that the petitioner was part of a social group that included her husband who refused to acquiesce to criminal activity that the police are unwilling or unable to control. That's how the case came to us. Yes. If you have a new case, it seems to me there has to be a petition for rehearing in the bank. But all we can do is review the case the Board had. We can't add into it new information that prior counsel did not raise. Can we? We've never done it before. No. It would be nice, but no. But yet, Your Honors, the petitioner had at all times raised the claim that refusal to comply with extortionist or criminal demands is an expression of political opinion. So that's still been captured and is still before the Board. I might save the rest of the time. Okay. Let's hear from the government. May it please the Court. Victor Lawrence on behalf of the Attorney General. Can I just start out by asking about Marajas? Absolutely. So I guess I don't, I mean, I think we've got maybe a similar response from you all across a number of cases we've had on this calendar. But this is where I'm stuck. I think the Board did apply the wrong standard to the claim that was presented to it because it had a withholding claim. And it applied the one central reason standard to that claim, right? The Board cited the standard of one central reason, yes, but did not rely on that in its conclusion in the case. Okay. What do you mean by that? Okay. So this is a withholding and removal case, and you have to show that either the alien suffered past persecution or it's more likely and not that she will suffer persecution in the future on account of a protected ground. And here the Court found that there was no, the Board found that there was no nexus between the harm that she feared and a protected ground. So whether or not, the one central reason standard applies if there is a particular ground that she's relying on and whether there's a mixed motive between either a non-act ground or a ground enumerated under the act. But here the agency found that this was a case very similar to Zatino where this Court ruled that the desire to be free from criminal activity is not something that's on account of a protected ground. Now, my opponent has tried to suggest that there's a political opinion involved. I think when the Court looks at the facts of the case and the agency was more than reasonable in determining that under the facts it was clear that they, this was a criminal enterprise that was seeking to get money. They were not trying to persecute her because of a family relationship or a political opinion. Right. But in Barajas itself, though, we, the Board had made a similar ruling to the one we have here. In terms of what you're saying. Correct. And we nonetheless remanded it because we said, we're not, I mean, we're not trying to prejudge how the case should come out. Sure. When the Board looks at it again. But the reality is, Board, you applied the wrong legal standard. We're not able under Ventura to engage in sort of harmless error review and say, well, but if they had applied the right standard, it would have come out the same way. We can't do that ourselves. Well, the critical. So just let me finish. Sure. In Barajas, if I'm remembering right, we had kind of a Board ruling in the same exact posture as the one you've described in this case. And we nonetheless did remand. So I'm trying to figure out, well, why wouldn't we do the same thing in this case? So here's the critical distinction, Your Honor. In Barajas, the Court, the Ninth Circuit panel, found that there was an imputed political opinion because the person opposed police corruption. And that that was established in the facts. So in Barajas, they found that although there was a criminal activity issue in the case, there was also the possibility of a motive that was found under the act of an imputed political opinion by opposing police corruption. Here, in this case, and to be distinguished from Barajas, there is no nexus whatsoever. So while the Court, while the Board may have cited the one central reason standard, just like it did in Barajas, the Board said there was absolutely no nexus. Now, the Board also said that in Barajas, that there was no nexus at all. The difference, though, between this case and Barajas is that in Barajas, the Court found that there was a nexus. This is just another way of stating your argument, isn't it, that Barajas applies only in mixed motive cases? Isn't that what you're saying? Well — And here, there is no other, say, you know, competing motive. It just — the agency found, you know, there was no nexus, period. That's correct. So, yes, in Barajas, they did determine there was a mixed motive because there was a finding by this Court that the person opposed political corruption, and that was an imputed political opinion. But here, the petitioner is offered two motives that could be under the act, such as imputed political opinion and particular social group, but it's the government's position that neither of those are valid under the act and that this particular fact pattern shows that the persecutors were only interested in persecuting for economic reasons. And that's the critical distinction between this case and Barajas. And just because the Board indicated that there was a — that part of the standard is the one central standard argument, which this Court eventually rejected in Barajas, it didn't rely on that in its ultimate conclusion because in the ultimate conclusion, the Board said that there was no nexus at all between the alleged persecution and a protected ground. And for that reason, the Court should deny this petition for review. So unless the Court has any additional questions, I'll rest on that. It doesn't look like it. Okay. Thank you very much. Thank you very much. I appreciate your time. Okay. We'll hear from — I would conclude, just again, to bring up the point that even after the petitioner's husband departed Peru for an entire additional year, these criminal elements continue to threaten and go after the petitioner and her mother, again, without seemingly having any financial benefit of doing so, so that one could find that their interest in the petitioner and her mother was on account of their membership in a social group with the husband who had worked for the bank. So in any case, the one central reason would be inapplicable, whether it was a mixed motive case or not. Thank you. Okay.  The case just argued will be submitted.
judges: Wallace, Tashima, Watford